LAGESEN, P. J.
*1041 *641 At issue in this administrative rule review proceeding under ORS 183.400 are sections (2) and (3) of OAR 255-060-0012. That rule governs the use of psychological and psychiatric reports by the Board of Parole and Post-Prison Supervision in determining whether to affirm or defer an inmate's parole release date. Petitioner contends that the challenged provisions are invalid on their face, arguing that section (2) is contrary to ORS 144.125, and that section (3) offends the state and federal constitutional prohibitions on ex post facto laws. We agree and, for that reason, hold OAR 255-060-0012(2) and (3) invalid.
We first consider OAR 255-060-0012(2), which allows the board to summarily postpone an offender's parole release date for the purpose of obtaining a psychological or psychiatric evaluation. It provides:
"Pursuant to ORS 144.223, the Board may postpone the parole release date administratively and order a psychiatric/psychological evaluation of any inmate any time prior to release, except for inmates convicted of murder committed on or between November 1, 1989, and June 29, 1995, and not designated a dangerous offender at sentencing."
OAR 255-060-0012(2). Petitioner contends that the provision contravenes ORS 144.125 because that statute, which identifies the circumstances under which a release date may be deferred, does not authorize postponement of a release date for the purpose of obtaining a psychiatric or psychological evaluation. The board-correctly-concedes the point. In Porter v. Board of Parole , 281 Or. App. 237, 242-45, 383 P.3d 427 (2016), rev. den. , 361 Or. 100, 391 P.3d 132 (2017), we held that the board does not have the statutory authority under ORS 144.125 to summarily rescind a parole release date for the purpose of obtaining a psychiatric or psychological evaluation. Id . Rather, in the absence of one of the three statutory grounds for postponement specified in ORS 144.125,[1] an " 'inmate has a legal right to release on the scheduled *642 release date.' " Id . at 243, 383 P.3d 427 (quoting Gordon v. Board of Parole , 343 Or. 618, 622, 175 P.3d 461 (2007) ). OAR 255-060-0012(2), which purports to authorize postponement for a ground not specified in ORS 144.125, is therefore invalid.
Next is OAR 255-060-0012(3), which directs the board to consider psychological or psychiatric reports as well as other information in assessing whether an offender presents a danger that warrants the deferral of the person's release date. It provides:
"After review of the psychiatric/psychological reports, and all other information or documents presented during the hearing the Board may defer parole release until a specified future date upon finding: The inmate has a present severe emotional disturbance, such as to constitute a danger to the health or safety of the community."
OAR 255-060-0012(3). The terms of OAR 255-060-0012 instruct us that that directive (and five others) must guide the board's decision-making with respect to a large class of offenders: "Sections (1)-(6) of this rule apply to: inmates whose crimes were committed before November 1, 1989; all inmates convicted of aggravated murder; and inmates convicted of murder committed on or after June 30, 1995." OAR 255-060-0012.
*1042 According to petitioner, it is this broad temporal sweep (and a few other things) that renders the rule facially invalid. Petitioner observes that, in Peek v. Thompson , 160 Or. App. 260, 980 P.2d 178, rev. dismissed , 329 Or. 553, 994 P.2d 130 (1999), we held that, for offenders who committed their offenses between May 19, 1988 and April 4, 1990, it would violate the state and federal constitutional prohibitions on ex post facto laws[2] for the board to rely on information other than a psychological or psychiatric evaluation in determining whether an offender's parole release date should be deferred on the ground that the offender had a present severe emotional disturbance that made the offender dangerous to the *643 health or safety of the community. Peek , 160 Or. App. at 266, 980 P.2d 178.[3] That was because, under the board's operative administrative rule during that time period, the board was limited to considering psychiatric and psychological evaluations in making its deferral determination. Id . The limitation on the information that the board could consider was "favorable" to offenders in a way that, under the applicable ex post facto analysis, precluded the board from expanding the scope of information that it could consider. Id . But, petitioner asserts, that is what the challenged version of OAR 255-060-0012 does when it directs that OAR 255-060-0012(3) applies to all "inmates whose crimes were committed before November 1, 1989." In response, the board asserts that the rules in effect at the time of a petitioner's crime are what govern its release date deferral decisions, not the current version of OAR 255-060-0012(3). Therefore, the challenged provision is not invalid.
That argument falters on the plain terms of the rule. Although the board may in practice be applying the rules in effect at the time of crime commission to offenders covered by the Peek decision, OAR 255-060-0012 states explicitly that OAR 255-060-0012(3) applies to "inmates whose crimes were committed before November 1, 1989." OAR 255-060-0012(3). By its very terms, then, the rule directs the board to consider information in addition to psychological or psychiatric evaluations for those offenders who committed their crimes from May 19, 1988 through October 31, 1989. That renders the rule invalid because, on its face, the rule conflicts with the ex post facto ruling in Peek. If the board did not want OAR 255-060-0012(3) to apply to offenders who committed their offenses from May 19, 1988 through October 31, 1989, then that is what it should have said in the rule. Instead, it said the opposite.
OAR 255-060-0012(2) and (3) held invalid.

ORS 144.125 requires postponement on three grounds: for serious misconduct during confinement; if an inmate is diagnosed with a "present severe emotional disturbance that would make him a danger to the community"; or if the inmate's release plan is not adequate. See also Porter , 281 Or. App. at 242-44, 383 P.3d 427.

Article I, section 21, of the Oregon Constitution states, in relevant part, that "[n]o ex-post facto law * * * shall ever be passed." Article I, section 10, of the United States Constitution likewise provides, in relevant part, that "[n]o [s]tate shall * * * pass any * * * ex post facto Law."

In its brief, the board notes its disagreement with our decision in Peek , but does not ask that it be overruled.